# IN THE COURT OF APPEALS OF IOWA

No. 13-1898
Filed January 28, 2015


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICOLE J. LACEY,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.


Nicole Lacey appeals from the judgment and sentence entered following her conviction of third-degree burglary. **REVERSED AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Michael J. Walton, County Attorney, and Alan Havercamp, Assistant County Attorney, for appellee.


Considered by Mullins, P.J., Bower, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Nicole Lacey appeals from the judgment and sentence entered following her conviction of third-degree burglary. She contends the district court erred in denying her motion to suppress evidence discovered during a warrantless search of her cell phone data. Because we conclude the evidence discovered on Lacey's cell phone was obtained in violation of the Fourth Amendment of the United States Constitution, we reverse and remand for further proceedings.

**I. Background Facts and Proceedings.**

During the early morning hours of March 21, 2010, the Davenport Police Department received a report regarding two individuals wearing dark clothing and backpacks who were checking door handles of parked vehicles. One of the individuals was described as "a possible W/F, small ponytail, hair wrapped in a bun type style." Sergeant Alaric Welke observed two individuals matching that description near a mini-van with an open door; one was leaning into the vehicle across the console and the other appeared to be acting as a lookout. The "lookout" was wearing a brown hooded jacket with fur around the hood and a blue backpack. As Sergeant Welke approached, the "lookout" alerted the other individual to his presence, and the pair ran. Sergeant Welke gave chase and noticed the "lookout" appeared to be female with a small ponytail. A short time later, Officer Gina Johnson observed a woman wearing a dark coat with fur around the hood and her hair pulled up into a short ponytail or bun style.

Officer Dion Perkins encountered Lacey in the area the "lookout" was seen running. Although the temperature was near twenty degrees, Lacey was

wearing a black t-shirt without a coat. Her hair was in a ponytail. Lacey claimed she had taken a walk because she was bored and had nothing to do.

A brown coat with a fur-lined hood was retrieved hanging from a fence nearby. Footprints matching those left by one of the suspects Sergeant Welke chased led directly to the coat. Lacey's shoeprints matched those footprints.

Lacey was given a *Miranda* warning and taken into custody. While Lacey was seated in an officer's car, her cell phone rang several times. Officer Johnson looked through Lacey's cell phone and found a number of calls from a contact labeled as "Hot Cakes Hubby ICE." The officer also discovered a text message sent hours earlier from Lacey to "Hot Cakes Hubby ICE," which read: "let's go out and steal from cars tonight, because we need the money, and baby there is nothing else to do."

On April 16, 2010, the State charged Lacey with third-degree burglary. Lacey moved to suppress the evidence discovered during Officer Johnson's search of the cell phone. The district court denied the motion following a hearing. Lacey then agreed to a bench trial based on the minutes of testimony. She was found guilty of third-degree burglary and was granted deferred judgment, which was later revoked.

**II. Scope of Review.**

We review the district court's ruling on the motion to suppress de novo. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). We therefore conduct "an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.* Although we give deference to the district court's fact findings, especially concerning witness credibility, we are not bound by them. *Id.*

**III. Analysis.**

Lacey contends the district court erred in denying her motion to suppress. She argues the warrantless search of her cell phone was unconstitutional because it does not fall under either of the exceptions urged by the State at the suppression hearing.

The Fourth Amendment of the United States Constitution protects individuals against "unreasonable searches and seizures." *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001). Whether a search and seizure is unreasonable depends on the facts of each case. *Id.* A warrantless search is per se unreasonable unless it falls within one of the exceptions to the warrant requirement, and the State has the burden of proving by a preponderance of the evidence the warrantless search falls within one of these exceptions. *Id.* at 107-08.

The State argued the search of Lacey's cell phone was both a search incident to lawful arrest and a search based on probable cause and exigent circumstances. *See id.* at 107 (listing four exceptions to the warrant requirement). The State now concedes the Supreme Court's holding in *Riley v. California*, decided after the district court's ruling in this case, prevents application of the search-incident-to-arrest exception to the search of Lacey's cell phone. 134 S. Ct. 2473, 2485-93 (2014) (declining to extend the exception to searches of data on cell phones). We instead focus on the question of whether the search falls within the exigent-circumstances exception. *Id.* at 2494 (noting an exception may apply where exigent circumstances make the needs of law

enforcement so compelling a warrantless search of a cell phone is objectively reasonable).

A warrantless search is reasonable where there is probable cause to believe a crime has been committed or evidence of a crime might be located in the particular area to be searched, and exigent circumstances exist. *Naujoks*, 637 N.W.2d at 108. "'Exigent circumstances sufficient to justify a search and seizure without a warrant usually include danger of violence and injury to the officers or others; risk of the subject's escape; or the probability that, unless taken on the spot, evidence will be concealed or destroyed.'" *State v. Watts*, 801 N.W.2d 845, 851 (Iowa 2011) (quoting *State v. Jackson*, 210 N.W.2d 537, 540 (Iowa 1973)). Exigent circumstances must be shown by specific, articulable facts. *Id.*

No exigent circumstances justify the search of Lacey's cell phone data. Lacey was in police custody at the time of the search, so there was no risk of escape. There is nothing to show Lacey presented a danger of violence or injury to the officers or the phone and its data posed a safety risk. Nor has the State provided a basis by which a reasonable person would believe the data on the phone would be destroyed before police could obtain a warrant. The State argues exigent circumstances existed because the officers did not know the motives of the second suspect, who was still at large and who may have attempted to destroy evidence or presented a danger of violence and injury. This argument, however, is not based upon specific, articulable facts necessary to justify the intrusion into Lacey's privacy. Because the search does not fall under one of the recognized exceptions to the warrant requirement in violation of the

Fourth Amendment, the district court erred in denying the motion to suppress the evidence stemming from that search.

The State argues any error in denying the motion to suppress is harmless error because the other evidence of Lacey's guilt is overwhelming. "Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967). In making this determination, the question "'is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.'" *State v. Hensley*, 534 N.W.2d 379, 383 (Iowa 1995) (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993)).

The text message obtained from the cell phone was particularly damning, and we are unable to find the guilty verdict "was surely unattributable" to the district court's error in denying the motion to suppress. Accordingly, we reverse the judgment and sentence, and remand the case for retrial without the evidence obtained from the cell phone.

**REVERSED AND REMANDED.**